TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0194-KB

IN RE: GERALD DOUGLAS DEROSSETT

IN SUPREME COURT

## **OPINION AND ORDER**

This matter comes before the Court on the motion of the Office of Bar Counsel ("OBC"), pursuant to SCR[1] 3.167, to indefinitely suspend Gerald Douglas Derossett[2] from the practice of law due to his failure to file Answers to two Charges. For the following reasons, we grant the OBC's motion.

The first Charge against Derossett arose as a result of his failure to perform work after being hired by Jerry and Pamela Workman to assist with filing a products liability claim. Derossett misled the Workmans, by having them believe their lawsuit was filed, that the company's insurer had waived the deadline to file a lawsuit to allow for arbitration and settlement, and that the case was not settled due to the insurer's concession to arbitrate. However, none of those representations were true. By November 2021, Derossett

---

[1] Supreme Court Rule.

[2] Derossett's KBA member number is 82762 and his bar roster address is 470 Main Street, Hazard, Kentucky, 41701

stopped responding to the Workmans. The underlying Bar complaint was sent by certified mail on October 11, 2023 and received approximately a week later.

The second Charge against Derossett arose as a result of his engaging in inappropriate behavior after being appointed to replace Steven Williamson's public defender. Derossett's representation began with an initial appearance on September 22, 2023. Over the course of representation, Derossett failed to file a single motion on his client's behalf and failed to provide Williamson with updates. Derossett withdrew from representation on October 27, 2023 after Williamson wrote letters to the judge accusing Derossett of inappropriate conduct. The underlying Bar Complaint was sent by certified mail October 13, 2023, and confirmation of signed receipt was returned on November 6, 2023.

On October 30, 2023, Derossett had a telephone conversation with Deputy Bar Counsel and agreed to accept service of both Complaints through email. The Complaints were sent via email on the same day and Derossett acknowledged receipt of the emailed Complaints. Derossett failed to respond to the emailed Complaints before the November 20, 2023 deadline. As a result, the OBC requested service by the Perry County Sherriff. Derossett contacted the OBC on December 4, 2023, to request an extension for the submission of his responses. Deputy Bar Counsel told Derossett to submit a response within twenty days after service of the Complaint. The sheriff's office served Derossett on December 8, 2023, but Derossett failed to submit a response.

After review of the Bar Complaints and the failure of Derossett to respond to either Complaint, the Inquiry Commission issued formal Charges

2

against Derossett alleging violations of SCR 3.130(1.1);[3] two counts of

violations against SCR 3.130(1.3);[4] two counts of violations against SCR

3.130(1.4)(a);[5] SCR 3.130(1.16)(d);[6] two counts of violations against SCR

3.130(8.1)(b);[7] and one violation of SCR 3.130(8.4)(c).[8]

---

[3] "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[4] "A lawyer shall act with reasonable diligence and promptness in representing a client."

[5] A lawyer shall:

> (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
>
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
>
> (3) keep the client reasonably informed about the status of the matter;
>
> (4) promptly comply with reasonable requests for information; and
>
> (5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

[6] Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[7] [A] lawyer . . . in connection with a disciplinary matter, shall not:

. . .

[] fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

[8] "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

The Charges for both cases were sent by certified mail on February 9, 2024.  When both letters came back undelivered and returned to the Disciplinary Clerk on February 28, 2024, the OBC again sought service through the Perry County Sherriff's Office on March 6, 2024.  Service was effected on April 1, 2024 and proof of service was recorded by the Disciplinary Clerk on April 19, 2024.  No Answers to the charges have been received.  The OBC now seeks an order indefinitely suspending Derossett from the practice of law.

We agree with the OBC that an indefinite suspension is warranted.  This is not the first time that Derossett has faced disciplinary action against him.  The Inquiry Commission, in February 2021, determined that Derossett violated SCR 3.130(1.3); SCR 3.130(1.4)(b);[9] and SCR 3.130(1.16)(d) due to his failure to use diligence and proper communication during the course of representing his clients.  In that matter Derossett had been retained in 2015 for a land dispute.  When Derossett left his law firm for the Department of Public Advocacy in 2020 with the land dispute still ongoing, he failed to inform his clients.  Accordingly, Derossett was subject to a private admonition and the Inquiry Commission ordered him to attend an Ethics and Professionalism Enhancement Program.  Derossett's prior actions, which justified discipline, mirrors his actions here: failure to (1) file a response, (2) adequately perform work for clients, and (3) provide diligent representation and communication.

---

[9] "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

4

The prior instance of conduct suggests a pattern that continues with charges now leveled against Derossett.

The OBC, in addition, represents that it has not received any written release signed by Derossett authorizing disclosure by the Kentucky Lawyer Assistance Program, as required by SCR 3.990(1), regarding any communications he may have had with them. As a result, we are left with questions about Derossett's behavior and situation, and no answers from him. As Derossett has chosen not to participate in his disciplinary proceeding we indefinitely suspend him from the practice of law. Temporary disbarment is reasonable and necessary to protect the integrity of the process and of this Court.

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Respondent, Gerald Douglas Derossett, is indefinitely suspended from the practice of law in the Commonwealth of Kentucky, pursuant to SCR 3.167(1);

2. As required by SCR 3.390(2), Derossett will, within twenty (20) days after the issuance of this order of suspension, notify by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending of his suspension. Further, he will inform by mail all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Derossett shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Derossett shall immediately cancel any pending

5

advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(1), this order shall take effect on the twentieth day following its entry. Derossett is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130(7.50)(5).

All sitting. All concur.

ENTERED: AUGUST 22, 2024.

_____
CHIEF JUSTICE

6